IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE EARL CARTER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-0206-WS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

This matter comes before the Court on petitioner Willie Earl Carter, Jr.'s *pro se* filing that the Court liberally construes as a Motion for Compassionate Release (doc. 1146).

Carter is presently serving a term of life imprisonment predicated on his conviction of certain controlled substances offenses. In his Motion, he requests compassionate release on the ground that his wife is wheelchair-bound and he is needed to be her caregiver.

Carter is one of numerous defendants who has petitioned this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic. His Motion appears to have been filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by § 603 of the First Step Act enacted in December 2018. That section allows a defendant to petition the Court directly for reduction of a term of imprisonment, without a motion by the Director of the Bureau of Prisons, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." § 3582(c)(1)(A). In other words, Carter must present his request for compassionate release to prison officials before petitioning the Court for relief. He makes no showing that he has met this statutory prerequisite. Therefore, Carter's Motion is **denied** as procedurally defective, without prejudice to his ability to renew his motion upon a proper showing that he has complied with the provisions of § 3582(c)(1)(A).

DONE and ORDERED this 28th day of May, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE