# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| WILLIE EARL CARTER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-0206-WS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner Willie Earl Carter, Jr.'s *pro se* filing styled "Omnibus Untimely Motion for a New Trial under Fed.R.Crim.P. 33(a)'s Interest of Justice Provision and/or an Untimely Motion to Correct Sentence under Fed.R.Crim.P. 35(a)" (doc. 1149).

Back in March 2006, following a jury trial in this District Court, Carter was convicted of conspiring to possess with intent to distribute controlled substances, including more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846 (Count One); possessing with intent to distribute morphine within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 860 and 841(a)(1) (Count Fifteen); and possessing with intent to distribute crack cocaine within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 860 and 841(a)(1) (Count Twenty-Four). (Doc. 498.)  On August 4, 2006, this Court sentenced Carter to a term of life imprisonment on Count One, and to concurrent terms of 60 years' imprisonment on each of counts Fifteen and Twenty-Four. (Doc. 633.)  Carter's convictions and sentences were affirmed on direct appeal by the Eleventh Circuit Court of Appeals via mandate issued on May 15, 2008.  (Doc. 795.)  Carter's ensuing Motion for New Trial (doc. 923) was denied because of timeliness and substantive defects via Order (doc. 926) entered on April 20, 2011.[1]

---

[1] "In sum, Carter's Motion for New Trial cannot prevail because it is untimely, there does not appear to be any newly discovered evidence, the evidence in question is merely impeaching and is not material to the charges against Carter, and the evidence is not of such a nature that a new trial would probably produce a different result.  For all of these reasons, the Motion for New Trial (doc. 923) is **denied** in its entirety." (Doc. 926, PageID.5191.)

Now, some 14 years after his sentencing and more than 9 years after the denial of his first motion for new trial, Carter files a second Motion for New Trial, coupled with a Motion to Correct Sentence. As grounds for these combined Motions, Carter states that "Counts 15 and 24 are indeed duplicitous," and that "the jury returned a guilty verdict on the single count submitted to them without all twelve jurors agreeing that the Petitioner committed either of the offenses charged within counts 15 and 24, respectively." (Doc. 1149, PageID.6220, 6226.) Carter further states that he "wasn't given proper notice of the charges against him" and that his purportedly wrongful convictions as to Counts 15 and 24 visited certain "adverse collateral consequences" on him, such as the risk of increased sentences for future offenses, potential use of those convictions to impeach his credibility, and the societal stigma of such convictions. (*Id.*, PageID.6226-27.) Finally, Carter objects that "the jury wasn't instructed that it couldn't return guilty verdicts (or rather a general verdicts), as to Counts 15 and 24, which both contained a greater and lesser-included offenses of one another," and that "there is simply no way of knowing how the Jury would have voted had they been properly instructed." (*Id.*, PageID.6228-29.)

Both the Motion for New Trial and the Motion to Correct Sentence are frivolous. As an initial matter, Carter's Omnibus Motion is filed more than a decade too late. Pursuant to Rule 33(b)(2), Fed.R.Crim.P., "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict," which in this case would have fixed a deadline of no later than April 3, 2006, some 14 and a half years ago.[2] Likewise, a Motion to Correct Sentence would have had to be filed "[w]ithin 14 days after sentencing," pursuant to Rule 35(a), Fed.R.Crim.P., or by no later than August 18, 2006. Plainly, Carter's Omnibus Motion is untimely by a wide margin, and he has offered no justification, excuse or explanation for the delay. Summary dismissal of the Omnibus Motion would be appropriate on that basis alone if the Government were to raise such a defense.[3]

---

[2] Nothing in Carter's filing suggests that he is relying on anything that might possibly be labeled "newly discovered evidence." The record lacks any indication of same. Even if there were newly discovered evidence, Carter's Rule 33(a) Motion would still have to be filed within three years after the verdict, or by March 20, 2009.

[3] The Court recognizes, of course, that the Government may forfeit a timeliness defense on Rule 33 motions because the time prescription is nonjurisdictional. *See, e.g., Eberhart v. United States*, 546 U.S. 12, 19, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) ("Here, where the Government failed to raise a defense of untimeliness until after the District Court had (Continued)

Ordinarily, the Court's course of action in these circumstances would be to issue a briefing schedule and order the Government to respond, to ascertain whether the Government would in fact raise a timeliness defense to the Motion for New Trial.  If it did so, the Court would summarily dismiss the Motion.  In this case, however, the Court finds that requiring the Government to respond would be a waste of time because Carter's Rule 33 Motion for New Trial is frivolous on its face.  Thus, even if the Government were to forfeit its timeliness defense to the Motion, summary denial would remain appropriate on the merits.

Here is why the Motion for New Trial is devoid of even arguable merit.  First, insofar as Carter is suggesting that Counts Fifteen and Twenty-Four are duplicitous of each other, he is wrong.  These counts charge violations based on different conduct on different dates.  As the Second Superseding Indictment shows, Count Fifteen charged Carter with possessing with intent to distribute morphine on February 18, 2003, whereas Count Twenty-Four charged Carter with possessing with intent to distribute crack cocaine on January 6, 2005.  (Doc. 433, PageID.1090.)  These counts are plainly not duplicitous of each other.  To the extent that Carter's argument is that Counts Fifteen and Twenty-Four are internally duplicitous because each count charged him with both a § 860 and a § 841 violation, and the jury returned a general verdict making it impossible to know of which offense the jury convicted him, he overlooks critical facts that conclusively negate his contention.  Contrary to Carter's position, the jury did <u>not</u> return a general verdict finding him guilty of Counts Fifteen and Twenty-Four.  The Special Verdict Form actually utilized in this case asked specific questions requiring specific, unanimous jury findings as to both the § 841(a) lesser-included offense in those counts and the § 860 greater offense, to-wit:

"QUESTION 4

\*            \*            \*

---

reached the merits [of a Rule 33 motion], it forfeited that defense.").  The same is not true, however, of the Rule 35 Motion to Correct Sentence filed by Carter.  *See, e.g., United States v. Kelly*, 735 Fed.Appx. 1022, 1026 (11th Cir. May 30, 2018) ("the time for filing a Rule 35 motion is jurisdictional"); *United States v. Cole*, 476 Fed.Appx. 837, 838 (11th Cir. May 7, 2012) ("Here, the district court properly concluded that it lacked jurisdiction to modify Cole's sentences because Cole filed his Rule 35(a) motion in 2011, far beyond the rule's time limit for modifying sentences imposed in 2001.").  Accordingly, the Rule 35 component of Carter's Omnibus Motion is properly **dismissed** as untimely pursuant to Rule 35(a), Fed.R.Crim.P., as the Court lacks jurisdiction to consider it.

"f.     WE, THE JURY, FIND THE DEFENDANT **WILLIE EARL CARTER, JR.**

**"GUILTY            NOT GUILTY         AS CHARGED IN COUNT FIFTEEN OF THE SECOND SUPERSEDING INDICTMENT**

**"(If you answered "Guilty," please answer the following question. Otherwise, leave the following question blank and proceed to Question 4(g).)**

**"Do you find beyond a reasonable doubt that the offense charged in Count Fifteen occurred within 1,000 feet of property comprising a school?**

**"_____ Yes                    _____ No**

"g.     WE, THE JURY, FIND THE DEFENDANT **WILLIE EARL CARTER, JR.**

**"GUILTY            NOT GUILTY         AS CHARGED IN COUNT TWENTY-FOUR OF THE SECOND SUPERSEDING INDICTMENT**

**"(If you answered "Guilty," please answer the following question. Otherwise, leave the following question blank and proceed to Question 4(h).)**

**"Do you find beyond a reasonable doubt that the offense charged in Count Twenty-Four occurred within 1,000 feet of property comprising a school?**

**"_____ Yes                    _____ No"**

(Doc. 498-1, PageID.1459.)  In each instance, the jury circled the word "GUILTY" and checked the line labeled "Yes."  What that means is that for each of Counts Fifteen and Twenty-Four, the jury made specific, unanimous findings beyond a reasonable doubt that (i) Carter had possessed with intent to distribute the controlled substance on or about the date charged, so as to establish a violation of § 841(a); and (ii) Carter had committed that offense within 1,000 feet of property comprising a school, so as to establish a violation of § 860.[4]

---

[4] The jury instructions mirrored the Special Verdict Form as to Counts Fifteen and Twenty-Four.  The Court instructed the jury that Carter could only be guilty of those offenses if it had been proven beyond a reasonable doubt that he knowingly and willfully possessed a measurable quantity of the controlled substance, and that he possessed that substance with the intent to distribute it.  The Court then instructed the jury as follows: "If you find that these facts have been proved beyond a reasonable doubt as to any of these counts, you will then be required to specify on the verdict form for each … such count your unanimous finding as to whether the
(Continued)

Simply put, the entire theory of relief underpinning Carter's Motion for New Trial is counterfactual.  He says Counts Fifteen and Twenty-Four were duplicitous.  They are not.  He contends he was convicted without the jurors unanimously agreeing as to whether the § 860(a) greater offense or the § 841(a) lesser-included offense applied.  He is mistaken.  He suggests the Indictment was framed in a manner that failed to give him proper notice of the charges against him.  Proper notice was given.  And he objects that the jury was not given an opportunity to return a guilty verdict "as to one offense or the other as to Counts 15 and 24 in this case."  (Doc. 1149, PageID.6228.)  By unanimously finding beyond a reasonable doubt (i) that Carter had knowingly and willfully possessed a measurable quantity of the controlled substance at issue with the intent to distribute it on or about the date at issue, and (ii) that he had done so within 1,000 feet of a school, the jury clearly, specifically found Carter guilty of violating § 860(a) in each of Counts Fifteen and Twenty-Four.

For all of the foregoing reasons, the Court finds that Carter's Motion for New Trial is frivolous; therefore, it is **denied** on the merits pursuant to Rule 33(a), Fed.R.Crim.P.  As for Carter's incorporated Motion to Correct Sentence, the Motion is **dismissed** for lack of jurisdiction as untimely pursuant to Rule 35(a), Fed.R.Civ.P.  Because the Court certifies in writing that any appeal of this ruling would be frivolous and not taken in good faith, Carter will not be permitted to appeal *in forma pauperis*.

DONE and ORDERED this 4th day of November, 2020.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE

---

Government has proved beyond a reasonable doubt that the Defendant intended to distribute the substance at some point within 1,000 feet of real property comprising a school."  (Doc. 678, PageID.3838.)  Of course, that instruction – and the jury's corresponding unanimous finding on the Special Verdict Form beyond a reasonable doubt – is what determined whether Carter would be found guilty of § 860(a) (or simply the lesser included offense of § 841(a)) as to those charged offenses.  Both the jury instructions and the Special Verdict Form were clear and unambiguous as to the jury's obligations, and the jury foreperson completed the Special Verdict Form in a manner that left no doubt whatsoever as to the nature and unanimity of the jury's findings as to each of Count Fifteen and Count Twenty-Four.